FULTON *v.* KROGER CO.

FOOD—PACKAGED  BROWN  SUGAR—ARSENIC—PROXIMATE  CAUSE—
EVIDENCE.
    Finding of trial court from evidence presented in nonjury case
        that plaintiff had failed to prove that her illnesses were due
        to the ingestion of arsenic in 1-pound package of brown sugar
        which she had purchased from defendant grocer *held,* not
        contrary to the preponderance of evidence.

Appeal from Genesee; Baker (John W.), J.  Submitted November 7, 1962.  (Calendar No. 46, Docket No. 48,947.)  Decided March 8, 1963.

Case by Ruth Fulton against the Kroger Co., an Ohio corporation, for damages arising from contamination in packaged food.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*L. Keith Borgerson,* for plaintiff.

*Gault, Davison & Bowers (Matthew Davison, Jr.,* of counsel), for defendant.

PER CURIAM.  This is a so-called products liability case, stemming from purchase by plaintiff of a 1-pound package of Domino brown sugar at defendant's South Saginaw store in Flint.  Plaintiff claimed serious and permanent illnesses and disorders resulted from consumption by her of some of the sugar, partly on account of what "appeared

REFERENCES FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 1131–1150.

to her to be a petrified mouse" in the package,* and partly on account of time-doubtful proof that the sugar, when purchased, contained .5 to 2 parts of arsenic per million (parts) by weight.

Proceeding on theory that defendant was both actionably negligent and guilty of a breach of warranty of fitness, plaintiff presented her case to the court on waiver of jury trial. The trial judge found for and entered judgment in favor of defendant. His ruling was summarized:

"But even if it be inferred from the finding of arsenic in the sugar in 1960 that it was likewise there in 1949, plaintiff must still prove by a preponderance of the evidence that the proximate cause of her illnesses was the ingestion of the arsenic in sufficient quantity to cause her difficulties. Nowhere in the record is there sufficient evidence upon which to base a reasonable inference that this is the case. * * *

"In view of the lack of factual proof of plaintiff's case, it is not necessary to decide whether the defendant was negligent or whether there was a breach of implied warranty because the plaintiff has failed to establish by a preponderance of the evidence that she was caused to be ill by the ingestion of arsenic, in the sugar sold by the defendant."

On review we find no error. Plaintiff simply did not prove the case presented by her declaration, in preponderant fact or otherwise. The circuit court's judgment is therefore affirmed, with costs to defendant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.

---

* What appeared to be a petrified mouse turned out, under plaintiff's proofs, to be a rubber band, some string, and a piece of cardboard.